UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ELIZABETH LEE WELLER,

            Plaintiff,

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

            Defendant.

No. 2:16-CV-0331-TOR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 15; 16). This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 16) and **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 15).

## JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits and supplemental security income under Title II and XVI of the Social Security Act. Plaintiff raises two issues for this Court's review:

(1) Whether the ALJ improperly discredited Plaintiff's symptom claims.

(2) Whether the ALJ improperly weighed medical opinion evidence.

ECF No. 15 at 12. The Court evaluates each issue in turn.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). This requires "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison,* 759 F.3d at 1012)

(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009). We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which the ALJ did not rely. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See id.* §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. *Id.* §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. *Id.* §§ 404.1520(c), 416.920(c). If

the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. *Id.* §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (*id.* §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. *Id.* §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. *Id.* §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Bray*, 554 F.3d at 1222.

## ADMINISTRATIVE PROCEEDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on October 15, 2012, alleging disability beginning on October 15, 2012. Tr. 13. Plaintiff's application was denied initially and upon reconsideration. Tr. 13. Plaintiff thereafter filed a written request for

hearing. Tr. 13. A hearing was held before an Administrative Law Judge (ALJ) on March 4, 2015. Tr. 13. In a decision filed on April 15, 2015, the ALJ denied Plaintiff's application for benefits. Tr. 26.

At step one, the ALJ found that Plaintiff met the insured status requirement through December 31, 2012 and that Plaintiff had not engaged in substantial gainful activity since October 5, 2012. Tr. 15. At step two, the ALJ found that Plaintiff had the following severe impairments: neck and low back pain secondary to degenerative disc disease; right hip tendonitis; and depression and anxiety. Tr. 15. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 19. The ALJ then concluded that Plaintiff had the RFC to perform light work:

> She has the ability, in an 8-hour day with normal breaks, to sit up to 6 hours and stand and/or walk up to 6 hours each. She can lift and/or carry up to 20 pounds occasionally (up to 1/3 of the workday) and 10 pounds frequently (up to 2/3 of the workday). She is with unlimited ability to push or pull (other than as defined for lift and carry). She is with unlimited ability to balance with the ability to occasionally climb ramps or stairs, stoop (including bending at the waist), kneel, crouch (including bending at the knees), and crawl. She can never climb ladders, ropes or scaffolds. She has the ability to remember locations and work-like procedures; understand, remember, and carry out very short and simple instructions; maintain attention and concentration for periods between legally required breaks; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and sustain an ordinary routine without special supervision. She has the ability to get along with co-workers or peers without being distracted by them; make simple work-related decisions; ask simple questions or request assistance; complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a

consistent pace without an unreasonable number and length of rest periods. She would work best with no contact with the general public; in proximity to hut not close cooperation with co-workers; in proximity to but not close cooperation with supervisors, although she could accept instructions and respond appropriately; and in a routine, predictable work environment. She has the ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. She has the ability to respond to changes in the work setting; be aware of normal hazards and take appropriate precautions; travel in unfamiliar places or use public transportation (such as buses); and set realistic goals or make plans independently of others.

Tr. 20-21. At step four, the ALJ found Plaintiff is not capable of performing past relevant work. Tr. 24. The ALJ proceeded to step five and found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could perform, such as small parts assembly, bottle packer/caser, and housekeeper/cleaner. Tr. 25. On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. Tr. 26.

Plaintiff thereafter filed a request for review with the Appeal's Council, which was denied. Tr. 1. The ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.201.

## DISCUSSION

A. **Adverse Credibility Determination**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs,

symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (*en banc*). If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F .3 d 947, 958 (9th Cir. 2002).

If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

The ALJ gave clear and convincing reasons for discounting Plaintiff's subjective complaints.  Plaintiff concedes there is positive evidence of malingering given Dr. Dalley's finding that the MMPI was consistent with malingering. Plaintiff attempts to soften the blow by noting the result was likely a plea for help rather than a "fake bad" for secondary gain, ECF No. 15 at 14-15, but this is of no help for Plaintiff.  Evidence of malingering undercuts Plaintiff's credibility, irrespective of the end-goal for such mistruth.  Beside this, the ALJ reasonably found numerous, significant inconsistencies with Plaintiff's representations throughout the medical records.  Tr. 22-23.  Further the ALJ reasonably found Plaintiff's activities were inconsistent with her reported limitations.  Tr. 22-23.

Plaintiff complains that the ALJ erred in relying on the Plaintiff's failure to seek medical care.  ECF No. 17 at 3.  Even if improper, the ALJ provided ample, clear, and convincing reasons for finding Plaintiff was not credible, and these findings are supported by substantial evidence.  Accordingly, even if the ALJ erred on this point, it was harmless.  *Molina v. Astrue*, 674 F.3d at 1111.

B.  **Medical Opinion of Dr. Dalley**

A treating physician's opinions are generally entitled to substantial weight in social security proceedings.  *Bray*, 554 F.3d at 1228 (citation omitted); *Orn*, 495 F.3d at 631 ("By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians.") (citing 20 C.F.R. § 404.1527)).

"[I]f a treating physician's opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight.'" *Orn*, 495 F.3d at 631 (quoting 20 C.F.R. § 404.1527(d)(2)) (brackets omitted).

"To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. Also, when evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Further, an ALJ may discount a medical opinion if that opinion is based "'to a large extent' on an applicant's self-reports and not on clinical evidence" and the ALJ properly finds the applicant to be not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)).

The ALJ assigned no weight to the opinion of Dr. Dalley that Plaintiff had marked and severe limitations in the ability to perform basic work activity. Tr. 24.
//

The ALJ explained:

> Dr. Dalley gave little support for his opinion in his evaluation, admitting that with a rule out for malingering, it was difficult to determine the severity and frequency of the claimant's reported anxiety and depression and even recommended revaluation when she was "more motivated" to give more realistic and valid responses. Likewise, Dr. Veraldi testified that it was "tough" to assess how well the claimant was doing given the invalid MMPI. Additionally, Dr. Veraldi testified there was no support for several of the diagnoses given by Dr. Dalley, which were instead based on her reported symptoms and not on valid diagnostic criteria.

Tr. 24. Dr. Veraldi testified that there was no support for several of the diagnoses given by Dr. Dalley, so the ALJ may discredit Dr. Dalley's opinion by providing a specific and legitimate reason. *See Bayliss v. Barnhart*, 427 F.3d at 1216. Plaintiff's general lack of credibility, the positive finding of malingering in the tests given by Dr. Dalley, Dr. Dalley's limited explanation for the opinion and the fact that Dr. Dalley's evaluation heavily depended on Plaintiff's reports all provide specific and legitimate reasons for not relying on Dr. Dalley's evaluation and these underlying findings are supported by substantial evidence.[1] *See Bayliss v. Barnhart*, 427 F.3d at 1216; *see also Ghanim v. Colvin*, 763 F.3d at 1162.

//

---

[1] Plaintiff disputes the standard applied to reviewing Dr. Dalley's opinion. ECF No. 17 at 1. Even if correct, the reasons provided meet the higher standard— *i.e.*, clear and convincing.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

The District Court Executive is directed to enter this Order and judgment accordingly, furnish copies to counsel, and close the file.

**DATED** August 8, 2017.



THOMAS O. RICE
Chief United States District Judge